IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STACEY GALLAWAY, | Civil Action |
| Plaintiff, | No.   2:18-CV-1379 |
| v. | |
| RAND CORPORATION. | |
| Defendant. | JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

Plaintiff, Stacey Gallaway, by undersigned counsel, files this Civil Complaint and in support states the following:

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b), incorporating by reference the Equal Pay Act of 1963, 29 U.S.C. §206(d); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5(f)(3), as amended by the Civil Rights Act of 1991; and 28 U.S.C. §1331.

2. Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights act of 1964, 42. U.S.C. §2000e-5 as amended because:

   a. Plaintiff filed a timely written charge of race and gender discrimination with the Equal Opportunity Employment Commission on January 25, 2018 and requested the EEOC dual file with the Pennsylvania Human Relations Commission;

   b. Plaintiff received a Notice of Right to Sue from the EEOC dated July 18, 2018;

   c. This action was filed with this Court within 90 days of receipt of that Notice.

## II. The Parties

3. Plaintiff, Stacey Gallaway, is an African-American woman who resides at 2100 Kansas Avenue, White Oak, Allegheny County, Pennsylvania, 15131.

4. Defendant, Rand Corporation, is a corporation with its principal place of business at 4570 Fifth Avenue, Suite 600 Pittsburgh, Allegheny County, Pennsylvania 15213.  At all times relevant, Defendant was and is Gallaway's employer  and is an "employer" as defined by Title VII because Defendant employs more than 15 employees.  Defendant is also an "employer" within the meaning of the FLSA, 29  U.S.C. §§216(b) and 203(d), and is engaged in interstate commerce within the meaning of 29 U.S.C. §§203(b), 203(I), 203(j), 206(a) and 207(a).

## III. Factual Background

5. Gallaway  has worked for Defendant since February 2012. She currently holds the  position of Contracts Administrator II.

6. In June of 2017, she began questioning why she was a Contract Administrator I when she performed work at a significantly higher level then the Contract Administrator I position.

7. Despite the level of work she performed Gallaway was paid less than similarly situated white and male employees.

8. In October 2017, Defendant refused to promote her saying that it did not do promotions off the performance period cycle.

9. This explanation is false as Defendant has made such "off cycle" promotions.

10. On December 11, 2017 Defendant only promoted Gallaway to a Contract Administrator II despite the fact she continued to perform Contract Administrator III work.

11. Gallaway remains paid less than similarly situated white men and white women who performed jobs requiring substantially similar skill, effort and responsibility.

## Count I
## Equal Pay Act

12. Plaintiff incorporates by reference paragraphs 1 through 11 as if fully restated.

13. During the period from June 2017 until present, Defendant violated the Equal Pay Act, 29 U.S.C. §206(d), by paying wages to Ms. Gallaway, a woman, at rates less than the rates it paid male employees for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

14. Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Plaintiff demands judgment against Defendant and damages as follows:

   a. The difference between the compensation actually received by Ms. Gallaway and the wages paid to male employees for equal work within the meaning of the Equal Pay Act;

   b. Liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

   c. An award of prejudgment interest;

   d. An award of reasonable attorney fees and costs, pursuant to 29 U.S.C. §216(b); and

   e. Any and all such other additional relief as the Court finds to be just and equitable.

## Count II
## Title VII
## Gender and Race Discrimination

15. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 14 as if fully restated herein.

16. Defendant discriminated against Gallaway in compensation, terms, conditions

and privileges of employment because of her sex and race in violation of Title VII, 42 U.S.C. §2000e-2(a)(1).

17. Defendant's treatment of Gallaway was undertaken with reckless indifference to her federally protected rights not to be subjected to adverse employment actions because of her gender and race.

Wherefore, Gallaway demands judgement against Defendant as follows:

a. That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of her.

b. That Defendant be required to provide Plaintiff with front pay;

c. That Plaintiff be instated into a Contract III Administrator position;

d. That Defendant be ordered to pay Plaintiff compensatory damages for the emotional stress; inconvenience and humiliation she suffered because of Defendant's actions;

e. That, Plaintiff be awarded punitive damages in an amount sufficient to deter Defendant from taking tangible adverse employment actions against its female employees.

f. That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII.

g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

### Count III
### 42 U.S.C. § 1981
### Racial Discrimination

18. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 17 as if fully restated herein.

19. Defendant paid Gallaway less than similarly situated workers because of her race, and therefore deprived her of the same right to make and enforce contracts as is enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

20. Defendant's actions against Gallaway were undertaken with reckless indifference to her federally protected right to make and enforce contracts irrespective of her race.

21. As a direct and proximate result of Defendant's discriminatory treatment Gallaway suffered the following injuries:

    a. mental anguish and emotional strain;

    b. Loss of income and benefits; and

    c. Humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. §1981 as follows:

    a. That Defendant be permanently enjoined from discriminating against Gallaway or retaliating against her because of her race;

    b. That Defendant be required to compensate Gallaway for the full value of wages and benefits she would have received had it not been for Defendant's illegal treatment, with interest thereon;

    c. That Gallaway be awarded compensatory and punitive damages in an amount to be determined at trial;

    d. That Gallaway be awarded against Defendant the costs and expenses of this litigation, and a reasonable attorney's fee; and

    e. That Gallaway be awarded such further relief as this Court deems to be just and proper.

Respectfully submitted,

**ROTHMAN GORDON, P.C.**

/S/Samuel J. Cordes
Samuel J. Cordes
John E. Black, III

Pa. I.D. No. 54874 (Cordes)
Pa. I.D. No. 83727 (Black)

310 Grant Street
Third Floor, Grant Building
Pittsburgh, PA 15219
(412) 338-1100

Attorneys for Plaintiff